UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1946

| UNITED STATES OF AMERICA, | ) | Mag. Case Number: _____ |
|---|---|---|
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF |
| v. | ) | Title 21, U.S.C., Sections 952 and 960 |
| Juan RIVERA | ) | Importation of a Controlled Substance |
| Defendant, | ) | |

The undersigned complaint being duly sworn states:

On or about June 24, 2008, within the Southern District of California, Juan RIVERA, did knowingly and intentionally import approximately 27.40 kilograms of marijuana, a schedule I controlled substance into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SPECIAL AGENT
U.S. IMMIGRATION & CUSTOMS ENFORCEMENT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 25 DAY OF
June 2008.

MAGISTRATE JUDGE

DEFENDANT: RIVERA, Jose

# PROBABLE CAUSE STATEMENT

On June 24, 2008, at approximately 4:50 A.M., Customs and Border Protection Officer (CBPO) Navarro was conducting pre-primary examinations of vehicles at the San Ysidro, California Port of Entry. Officer Navarro approached a 1992 white Ford Explorer with California plate # 4NCL774 driven by Juan RIVERA. Upon questioning, RIVERA gave two negative customs declarations and stated that he was going to La Jolla, CA. Officer Navarro was able to smell a strong odor of bondo (putty for cosmetic repair of dents in vehicles) emitting from the rear cargo area of the vehicle. At the same time Officer Hersey and his drug detection canine "DADA" approached the aforementioned vehicle and noticed that "DADA" positively alerted to the odor of narcotics emitting from the rear of the vehicle. Further inspection of the vehicle, by Officer Navarro, revealed that the floor board of the rear cargo area was a few inches higher than normal. Officer Navarro also noticed that the rear cargo area appeared to be covered with bondo. The vehicle was referred to vehicle secondary for further inspection. A search conducted in the secondary inspection area revealed numerous packages concealed in the rear cargo area of the vehicle. A total of 25 packages were removed from a special built rear cargo wall compartment with an aggregate weight of 27.40 kilograms.

On June 24, 2008, at approximately 9:46 A.M., a video-recorded interview, in both the English and Spanish languages, was conducted in the presence of the undersigned ICE Special Agent (S/A) William Pena, and S/A Kolyan Brown. RIVERA was advised of his Miranda rights in the presence of the aforementioned agents. RIVERA waived his rights and executed a written waiver. During the interview, RIVERA was lucid and did not appear to be ill, intoxicated or under the influence the drugs. He was alert, responsive and appeared capable of communicating. During the interview no promises or threats were made to elicit the statements. No breaks were taken during the interview and it ended at approximately 10:29 A.M. During the interview, defendant admitted knowing that drugs were concealed in the vehicle that and that he attempted to cross into the United States at the San Ysidro Port of Entry.

_____
William Pena
Special Agent
Immigration and Customs Enforcement